BURGESS, Justice,
concurring.
I concur in the result reached by the majority. I would hold, however, that Grand Juror Kinchen became disqualified to serve as a grand juror when he failed to meet the requirements of TEX.CODE CRIM.PROC.ANN. art. 19.08 (Vernon Supp.1986). I read the article in the disjunctive, that is, “no person may be selected or serve....” It seems clear to me that when a grand juror fails to meet any of the enumerated qualifications, he may no longer serve.
The grand jury was established in common law to protect the citizens from the “king”. To carry out this long established mandate, the legislature has established qualifications to insure that only honest, law abiding citizens of the county serve on grand juries. Under the majority’s reasoning, if an individual met all the qualifications at the time the grand jury was formed, and then should the grand juror, for instance, be later indicted, and convicted the grand juror could still serve during the term. I do not believe this was the intent of the common law nor the intent of our legislature.
I concur in the result reached, because there is absolutely no evidence that Mr. Kinchen took part in deliberations or voted on the indictment in question. While the stipulation states, Mr. Kinchen participated as a member of the grand jury, this does not necessarily include participating in de *583 liberations and voting. Thus the appellant failed to prove any harm under TEX. CODE CRIM.PROC.ANN. art. 27.03(2) (Vernon 1966).
Simply put, I would hold Grand Juror Kinchen became disqualified to serve as a grand juror when he moved out of Jefferson County and therefore was an “unauthorized person”. The defendant, however, failed to show Mr. Kinchen was present when the indictment was deliberated or voted upon. Thus, no error has been shown.
For reasons stated, I concur in the result only.